CONRAD & BENNETT, Appellants, v. BELT'S ADMINISTRATOR, Respondent.

1. Where evidence rejected is of too vague and indecisive a character to produce any effect on the finding of the facts by the court, the supreme court will not reverse the judgment of the court below.

2. To induce the supreme court to interfere with the finding of the facts by the lower court, such finding must be clearly wrong; it is not sufficient that, from the evidence, the finding might have been different; it must be a strong case.

*Appeal from St. Louis Circuit Court.*

Conrad & Bennett exhibited an account before the Probate Court of St. Louis county, against the estate of Francis T. Belt, claiming a balance due them of $215 50. The Probate Court disallowed the account altogether. The cause was taken to the Circuit Court, which gave judgment in favor of plaintiffs for the sum of $11 37, from which judgment they appealed to this court. The claim of plaintiff was for money received by Belt, defendant's intestate, while master of the steamboat Saluda, while plaintiffs were owners thereof. Belt afterwards purchased Bennett's interest, one-half, in said boat, and the question in this case was as to the amount of credit to which defendant is entitled for repairs paid for by Belt, his intestate, and by defendant as his administrator. Defendant claims that the whole cost of said repairs paid should be allowed as a credit on the ground that they were made while Belt was master and not owner of said boat; while defendants claim that said Belt's estate is entitled to a credit of only one half of the amount paid. The court allowed a credit of the whole amount, on the ground that the liability for the repairs was incurred before the purchase by Belt. On the trial before the Circuit Court, the following question and answer on a deposition offered in evidence by plaintiff, were rejected by the court, on motion of defendant: "Ques. Do you know whether or not Capt. Belt took possession of her (the steamboat Saluda) or exercised acts

of ownership over her before she went on the docks ?  Ans. As I said before, Belt had been master of the boat, and I did not notice any material difference in his conduct." Defendant, on the trial, also gave evidence tending to prove that several accounts, for work and services upon the Saluda, and for supplies, had been proved and allowed against Belt's estate, amounting in the aggregate to $832 81 ; that all of said accounts were incurred between March 21st and April 9th, 1852, (March 22 being the date of the bill of sale to said Belt, of one half of said boat,) and had been paid by the administrator of Belt.  It does not appear that this evidence was noticed by the court in making the finding of the facts.

*Krum & Harding*, for appellants.

*T. T. Gantt*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

As this case is submitted to us for a review as to the finding of the facts, we may look at the evidence rejected ; and if we see that, if thrown into the scale of the plaintiffs, it would not induce us to disturb the finding, we would not be warranted in reversing the judgment on that account.  The evidence rejected is of too vague and indecisive a character to produce any effect on the finding.

As to the account of moneys paid by the intestate, on account of the boat, and allowed in the Probate Court, we can not see how the plaintiffs were prejudiced by its introduction. The defence of the defendant was no set-off.  The dispute was about the repairs done to the boat.  The account filed by the plaintiffs admitted that defendant's intestate was entitled to a credit in respect of them, and the controversy was as to the amount.  The defence only contested the correctness of the account as stated.

There was evidence sufficient to support the finding, and as the parties submitted the cause to the court for trial, waiving a jury, it must be a strong case to induce us to interfere with the

finding. When a cause is submitted to a jury, this court will not entertain a writ of error on the ground that the verdict is against the weight of evidence. The present practice act allows a case to be made and brought here for a review on the finding as to the facts. In such cases, to induce this court to interfere, the verdict must be clearly wrong. It is not sufficient that, from the evidence, the finding might have been different.

With the concurrence of the other judges, the judgment is affirmed.